UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STACY B. FERRARA, in her            :
capacity as Chapter 7 Trustee       :
for Julio C. Roca,                  :
                                    :
        and                         :
                                    :
JULIO C. ROCA,                      :
        Plaintiffs,                 :
                                    :
        v.                          :      CA 10-398 S
                                    :
KRAFT FOODS GLOBAL, INC.,           :
        Defendant.                  :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court are two motions:

1. Defendant Kraft Foods Global, Inc.'s Motion to Dismiss (Docket ("Dkt.") #3) ("First Motion to Dismiss" or "First Motion"); and

2. Defendant Kraft Foods Global, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #9) ("Second Motion to Dismiss" or "Second Motion") (collectively the "Motions").

The Motions have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After listening to the arguments presented, reviewing the memoranda and exhibits submitted, and performing independent research, I recommend that the First Motion be ruled

moot and that the Second Motion be denied except to the extent that it seeks to bar Plaintiff Julio C. Roca ("Roca") from pursuing any monetary claims against Defendant Kraft Foods Global, Inc. ("Kraft" or "Defendant").

**I. Facts and Travel**

Roca, who the First Amended Complaint (Dkt. #8) ("Amended Complaint") describes as "a dark-skinned Hispanic," Amended Complaint ¶ 9, was employed as a driver by Kraft, id. On November 9, 2007, Kraft accused Roca of stealing company time on November 8 and 9, 2007. Id. ¶ 14. Roca, with the assistance of his union, tried unsuccessfully to resolve the matter with Kraft. Id. ¶ 15. On November 12, 2007, Kraft terminated Roca. Id. ¶ 17.

Roca was the only minority driver at Kraft's North Smithfield, Rhode Island, location. Id. ¶ 18. He alleges "that other drivers not in his protected class had more numerous and egregious violations than Plaintiff Roca[;] however, they were not terminated." Id. ¶ 19. Roca believes that he was discriminated against on the basis of his race/color and ancestral/national origin. Id. ¶ 20.

On March 10, 2008, he co-filed a charge alleging race/color and national origin discrimination with the Rhode Island Commission for Human Rights ("RICHR"). Id. ¶ 5. The RICHR issued a Notice of Right to Sue ("Notice") to Roca on February 17, 2010. Id. ¶ 7. Within ninety days of receiving the Notice, Roca filed suit in the

Providence County Superior Court, alleging that Kraft had discriminated against him on the basis of his race/color and ancestral/national origin in violation of the Rhode Island Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws §§ 28-5-1 et seq., and the Rhode Island Civil Rights Act ("CRA") §§ 42-112-1. See Defendant Kraft Foods Global, Inc.'s Notice of Removal to Federal Court (Dkt. #1) ("Notice of Removal"), Exhibit ("Ex.") A (Complaint) ¶¶ 2, 7.[1]  In his prayer for relief, Roca requested that Kraft be enjoined and permanently restrained from violating the FEPA and that he be awarded compensatory damages, punitive damages, and attorney's fees and costs.  See id., Prayer for Relief.  Kraft removed the action to this Court on September 27, 2010, based on diversity of citizenship.  See Notice of Removal at 1.

On October 4, 2010, Kraft filed the First Motion to Dismiss. In that motion, Kraft represented that shortly after Roca had filed his claim with the RICHR he filed a Chapter 7 Voluntary Petition in the U.S. Bankruptcy Court for the District of Rhode Island.[2]  See

---

[1] The First Amended Complaint (Dkt. #8) ("Amended Complaint"), which was filed on October 21, 2010, only alleges a violation of the Rhode Island Fair Employment Practices Act ("FEPA").  See Amended Complaint ¶¶ 2, 21-23.

[2] The Court may consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(1) and may consider documents referred to in the Complaint or central to its allegations in deciding a motion to dismiss under Rule 12(b)(6).  See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2003)(noting that court may consider materials outside the pleadings in deciding a Rule 12(b)(1) motion); see also Parker v. Hurley, 514 F.3d 87, 90 n.1 (1st Cir. 2008)(stating that courts

First Motion ¶ 1; see also id., Ex. B (Voluntary Petition (the "Petition")). Roca did not disclose in the Petition the existence of his claim against Kraft. See Petition. In Kraft's view, as a result of the filing of the Petition, Roca's claim became part of the bankruptcy estate and the bankruptcy trustee had exclusive standing to pursue it. See First Motion ¶ 1. Thus, Kraft argued that Roca's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because he did not have standing to pursue it. See id. Alternatively, Kraft argued that Roca's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because, having denied the existence of the claim to the Bankruptcy Court, he was judicially estopped from asserting it in this Court. See id. ¶ 2. In other words, Kraft contended that because Roca "asserted in the Bankruptcy Court that he had no claim against Kraft – and having prevailed and been discharged on the basis of that assertion in the Bankruptcy Court – Roca [was] estopped from taking a contrary position before this Court ...." Id.

In response to the First Motion to Dismiss, Stacy B. Ferrara, in her capacity as Chapter 7 Trustee for Julio C. Roca ("Ferrara" or "Trustee"), and Roca (collectively "Plaintiffs") filed on October 21, 2010, Plaintiffs' Objection to Motion to Dismiss (Dkt.

---

may consider "documents central to plaintiff's claim [or] sufficiently referred to in the complaint in deciding a Rule 12(b)(6) motion").

4

#7) and the Amended Complaint.[3]  Kraft reacted to the Amended Complaint on November 8, 2010, by filing the Second Motion to Dismiss.  Plaintiffs' opposition to this Second Motion was filed on November 29, 2010.  See Plaintiffs' Objection to Defendant Kraft Foods Global, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #11) ("Objection").  A hearing on the Motions was held on December 10, 2010.  See Dkt.

A week after the hearing, Plaintiffs filed a supplemental statement in support of their objection to the Second Motion to Dismiss.  See Plaintiffs' Attorney's Supplemental Statement in Support of His Objection to Defendant Kraft Foods Global, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #12) ("Supplemental Statement").  Kraft filed a response to the Supplemental Statement on December 20, 2010.  See Defendant's Response to Plaintiffs' Attorney's Supplemental Statement in Support of His Objection to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #13) ("Defendant's Response").  On March 3, 2011, Plaintiffs filed an exhibit in support of their Objection.  See Dkt. #14.  The exhibit was the Claims Register from Roca's Chapter 7 proceeding in the U.S. Bankruptcy Court.  See id.

---

[3] Fed. R. Civ. P. 15(a)(1) allows a complaint to be amended as a matter of course within twenty-one days of the filing of a motion to dismiss pursuant to Rule 12(b).  See Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within ... 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

## II. Discussion

### A. Grounds for Second Motion[4]

Kraft advances three arguments in support of the Second Motion to Dismiss. First, to the extent that the claim brought in the Amended Complaint is asserted by Roca, Kraft contends that such claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Roca does not have standing to bring the claim. See Second Motion ¶ 1. Alternatively, Kraft argues that any claim brought by Roca must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because he is judicially estopped from asserting the claim. See id. ¶ 2. Lastly, to the extent that the claim is brought by the Trustee, Kraft contends that it must be dismissed because the Trustee is also judicially estopped from asserting this claim. See id. ¶ 3. The Court considers each of these arguments.

### B. Standing

Kraft contends that Roca has no standing to bring the claim because it belongs only to the bankruptcy estate and that the bankruptcy trustee has exclusive standing to pursue it. See Second Motion ¶ 1. Ample authority supports Kraft's position with respect

---

[4] The Court confines its discussion to the Second Motion as it is plain that the filing of the Amended Complaint moots the First Motion to Dismiss which was aimed at the original Complaint. Accordingly, the Court recommends that the First Motion be ruled moot.

6

to any monetary claims which Roca may have. See <u>DiMaio Family Pizza & Luncheonette, Inc. v. Charter Oak Fire Ins. Co.</u>, 448 F.3d 460, 463 (1st Cir. 2006)(stating that plaintiffs, who had filed bankruptcy, lacked standing to initiate suit against insurer because their claim against insurer "became part of their respective bankruptcy estates and ... their bankruptcy trustees acquired exclusive standing to assert those claims"); <u>Barger v. City of Cartersville, Ga.</u>, 348 F.3d 1289, 1292 (11th Cir. 2003)("Because [plaintiff] filed her bankruptcy petition after she filed her discrimination claims[,] her discrimination claims are the property of the bankruptcy estate. See 11 U.S.C. § 541(a) (property of bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy)."); <u>Gilman v. Target Corp.</u>, Civil Action No. 09-cv-00669-ZLW-KMT, 2009 WL 4611474, at *2 (D. Colo. Dec. 1, 2009)("Once a party files for bankruptcy, all 'legal or equitable interests,' including all claims which that party has asserted in a separate civil action, become the property of the bankruptcy estate, and the bankruptcy trustee, not the party, becomes the real party in interest with respect to the claims.")(quoting 11 U.S.C § 541(a)(1))(footnote omitted); <u>Bankruptcy Est. of Elliott v. Oklahoma</u>, No. CIV-06-65-D, 2008 WL 4620406, at *4 n.6 (W.D. Okla. Oct. 16, 2008)(stating that all of debtor's "pre-petition claims became property of the bankruptcy estate when her Chapter 7 petition was filed"); <u>see also</u>

7

Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008)("Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of the bankruptcy petition. Thus, a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed.")(citations omitted).

Plaintiffs appear to concede that Roca has no standing to pursue any monetary claim against Kraft, but they contend that he "is still a proper party for non-monetary injunctive relief, such as reinstatement ...."[5] See Memorandum in Support of Plaintiffs' Objection to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint ("Plaintiffs' Mem.") at 1 ("Even though the bankruptcy estate, through the Trustee, is the real party in interest as to all monetary damages, Mr. Roca is the real party of interest as to non-monetary damages such as reinstatement.").

Case law from the Eleventh Circuit and other courts supports Plaintiffs' contention. See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1289 (11th Cir. 2002)(deciding that "the important and

---

[5] Reinstatement is not specifically requested as part of Plaintiffs' prayer for relief. See Amended Complaint at 5. However, Plaintiffs do ask that Kraft be permanently enjoined and restrained from violating the Rhode Island Fair Employment Practice Act ("FEPA"). See id.; see also R.I. Gen. Laws §§ 28-5-1 et seq. The Court is satisfied that reinstatement is within the scope of the relief provided by the FEPA.

8

necessary reasons that bar [plaintiff's] monetary claims do not affect his efforts to change, through injunctive relief, [defendant]'s employment practices" and ruling that "[h]e may pursue his claims for injunctive relief"); see also Barger, 348 F.3d at 1297 (explaining that "Burnes ... decided that while judicial estoppel barred the plaintiff-appellant from pursuing claims for monetary damages, the doctrine did not prohibit him from pursuing claims which add no monetary value to the bankruptcy estate"); Pace v. Hurst Boiler & Welding Co., Civil Action No. 7:10-CV-116 (HL), 2011 WL 97244, at *4 (M.D. Ga. Jan. 12, 2011)(holding that plaintiff's monetary claims were barred by the doctrine of judicial estoppel but allowing plaintiff's "claims for injunctive relief ... [to] move forward"); Hands v. Winn-Dixie Stores, Inc., Civil Action No. 09-0619-WS-N, 2010 WL 4496798, at *5 (S.D. Ala. Nov. 1, 2010)(dismissing plaintiff's claims for monetary relief but not terminating plaintiff's "remaining claims for injunctive, declaratory[,] or other non-monetary relief"); Wilkerson v. Schirmer Eng'g Corp., Civil Action No. 04-cv-00258-WDM-MEH, 2009 U.S. Dist. LEXIS 77234, at *7 (D. Colo. Aug. 26, 2009)("[p]laintiff remained a party in interest with respect to any injunctive claims"); id. at *9 (concluding "that the Trustee's substitution as a party for [p]laintiff with respect to the reinstatement claim is not appropriate"); accord Matthews v. Potter, 316 Fed.Appx. 518, 523-24 (7th Cir. 2009)(holding that plaintiff "would not be

9

precluded from pursuing her claims for injunctive relief"); id. at 524 ("[A]ny failure to disclose the claims for injunctive relief during the Chapter 7 cases cannot be viewed as a deliberate attempt to harm her creditors, and thus judicial estoppel is inapplicable to her claims for injunctive, rather than monetary, relief.").

Accordingly, based on the case law cited above, I find that Roca has no standing to pursue his monetary claims against Kraft. However, as to his claim for non-monetary injunctive relief, such as reinstatement, he has standing. To the extent that the Second Motion seeks dismissal of Roca entirely from this action, the Motion should be denied. I so recommend.

**C. Judicial Estoppel**

**1. As to Roca**

Insofar as Kraft contends that judicial estoppel bars Roca from asserting even his non-monetary claims for relief, such contention should be rejected based on the case law allowing such claims. See Barger, 348 F.3d at 1297; Pace, 2011 WL 97244, at *5; Hands, 2010 WL 4496798, at *5; accord Matthews, 316 Fed.Appx. at 524. I so recommend. To the extent that Kraft contends that judicial estoppel prevents Roca from asserting any monetary claim, the Court agrees. Accordingly, to the extent that the Second Motion seeks, based on judicial estoppel, to bar Roca from asserting any monetary claim, the Motion should be granted, and I so recommend.

## 2. As to Trustee

Kraft argues that because a bankruptcy trustee stands in the shoes of the debtor and is subject to the same defenses to which the debtor is subject, judicial estoppel bars Roca's monetary claim whether it is asserted by Roca or the Trustee. While there is some authority which supports Kraft's argument, see, e.g., Reed v. City of Arlington, 620 F.3d 477, 483 (5th Cir. 2010)(holding that both plaintiff and bankruptcy trustee were judicially estopped);[6] In re Bilstat, Inc., 314 B.R. 603, 610 (S.D. Tex. 2004)(holding that trustee is judicially estopped from asserting claims based on

---

[6] The persuasiveness of Reed v. City of Arlington, 620 F.3d 477 (5th Cir. 2010), is substantially diminished by the Fifth Circuit's candid acknowledgment that its "decisions applying judicial estoppel to claims concealed from bankruptcy courts ... create, to put it kindly, a mosaic." Id. at 481. The court noted that in Kane v. National Union Fire Insurance Co., 535 F.3d 380 (5th Cir. 2008), it had refused to apply judicial estoppel against the trustee. Reed, 620 F.3d at 481. Attempting to distinguish Kane, the Fifth Circuit stressed that "Kane ... must be viewed as a 'simple' case in which 'the only way the Kanes' creditors would be harmed is if judicial estoppel were applied to bar the Trustee from pursing the claim against [d]efendants on behalf of the estate.'" Id. at 482. In Reed, however, the Fifth Circuit found that the creditors would not be materially advantaged if the case proceeded further, see id., because "[t]he principal remaining bankruptcy 'claimants' are [the bankruptcy trustee] and [plaintiff]'s trial attorney ...," id. at 483. The Reed court concluded that "equity does not favor ignoring [plaintiff]'s misuse of the court system for the primary benefit of attorneys," id., and that both plaintiff and the bankruptcy trustee must be judicially estopped from pursuing it, id.
   In the instant matter Roca's creditors have filed claims in excess of $45,000.00, see Dkt. #14 (Claims Register) and will be materially advantaged if the case proceeds. The Court, therefore, views this as a "simple" case, Reed, 620 F.3d at 482, where the only way Roca's creditors will be harmed is if judicial estoppel is applied to bar the Trustee from pursuing this action. Thus, the Court declines to hold that judicial estoppel bars the Trustee from pursuing Roca's monetary claims against Kraft.

debtor's non-disclosure), this Court is persuaded that such holdings penalize creditors while potentially rewarding culpable defendants and should not be followed. The better view, in this Court's judgment, is that which has been expressed by the Eleventh and Seventh Circuits. As the Eleventh Circuit explained in Parker v. Wendy's International, Inc., 365 F.3d 1268 (11th Cir. 2004):

> Although general bankruptcy law establishes that the trustee does not have any more rights than the debtor has, Bank of Marin v. England, 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966)("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition."); In re Halabi, 184 F.3d 1335, 1337 (11th Cir. 1999), any *post-petition* conduct by [plaintiff], including failure to disclose an asset, does not relate to the merits of the discrimination claim. This is because the instant the bankruptcy petition was filed, [plaintiff]'s claim against Wendy's became property of the estate under section 541 and [the bankruptcy trustee] became the real party in interest. At that point, the debtor ceased to have an interest in the discrimination claim, unless and until the trustee abandoned it. Both Bank of Marin and In re Halabi are readily distinguishable since those cases deal with *pre-petition* defenses and counterclaims to a cause of action that would have been applicable to the debtor had no bankruptcy case been filed.

Parker, 365 F.3d at 1272 n.3; see also id. at 1269 (reversing district court's finding that judicial estoppel barred bankruptcy trustee from pursuing plaintiff's claim on behalf of plaintiff's creditors in bankruptcy).

The Seventh Circuit in Biesek v. Soo Line Railroad Co., 440 F.3d 410 (7th Cir. 2006), observed that extending judicial estoppel to the bankruptcy trustee would adversely affect third parties,

12

namely the creditors:

> [The debtor's] nondisclosure in bankruptcy harmed his creditors by hiding assets from them. Using this same nondisclosure to wipe out his FELA[7] claim would complete the job by denying creditors even the right to seek some share of the recovery. Yet the creditors have not contradicted themselves in court. They were not aware of what [the debtor] has been doing behind their backs. Creditors gypped by [the debtor's] maneuver are hurt a second time by the district judge's decision. Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application.

Biesek, 440 F.3d at 413. The Seventh Circuit noted that decisions that have relied upon judicial estoppel to bar claims "assume that the tort claim belongs to the debtor. Only then is one person on both sides of the same issue." Id. However, the Biesek court questioned this assumption: "Yet why would [the debtor] own this chose in action? Pre-bankruptcy claims are part of debtors' estates; this FELA claim therefore belongs to the [t]rustee, for the benefit of [the debtor]'s creditors." Id. (citing 11 U.S.C. § 541(a)(1)); Pease v. Prod. Workers Local 707, 386 F.3d 819, 821-22 (7th Cir. 2004)). This Court agrees with the Biesek court's analysis and finds that Roca's monetary claims for alleged discrimination based on race and national origin belong to the Trustee for benefit of Roca's creditors.

It is also worth mentioning that the Tenth Circuit has indicated that application of judicial estoppel against a

---

[7] Federal Employers Liability Act ("FELA"), 45 U.S.C. §§ 51-60.

bankruptcy trustee based on the debtor's non-disclosure of a claim is not appropriate. In Eastman v. Union Pacific Railroad Co., 493 F.3d 1151 (10th Cir. 2007), the court observed that:

> Quite likely the district court's application of judicial estoppel against the trustee was inappropriate, at least to the extent [plaintiff]'s personal injury claims were necessary to satisfy his debts. See Parker v. Wendy's Int'l., Inc., 365 F.3d 1268, 1271-72 (11th Cir. 2004). This is because at the time of the court's decision, the trustee as the real-party-in-interest had not engaged in contradictory litigation tactics. See Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006)("Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit.").

Eastman, 493 F.3d at 1155 n.3.

Accordingly, based on the foregoing caselaw, this Court concludes that judicial estoppel does not bar the Trustee from pursuing Roca's claims against Kraft. Accordingly, to the extent that the Motion seeks to bar the Trustee from doing so, the Motion should be denied. I so recommend.

**III. Summary**

The First Motion to Dismiss is rendered moot as a result of the filing of the Amended Complaint. The Second Motion to Dismiss should be granted to the extent that it seeks to bar Roca from pursuing any monetary claim because he has no standing with respect to such claims and, in addition, he is judicially estopped from asserting such claims. However, insofar as the Second Motion seeks dismissal of Roca's non-monetary claims, it should be denied because he has standing relative to such claims and is not barred

by judicial estoppel from asserting them. To the extent that the Second Motion seeks to bar the Trustee from asserting Roca's monetary claims, it should be denied because the Trustee has standing and the better view is that the Trustee is not judicially estopped from asserting such claims because the Trustee has not taken inconsistent positions relative to them.

**IV. Conclusion**

For the reasons stated above, I recommend that the First Motion to Dismiss be ruled moot. I further recommend that the Second Motion to Dismiss be granted to the extent that it seeks to bar Roca from pursing any monetary claims and that it be denied in all other respects.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ *David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
May 4, 2011